## Charles Kaestner et al. v. Edward E. Day, Assignee, etc.

1. CONTRACTS—*As Between the Parties and Third Persons.*—Parties to a contract for the purchase of an engine and boiler may agree among themselves that it shall be treated as personal property and that the ownership shall remain with the vendor until he is paid, but such an agreement can not change the character of the property so far as third parties are concerned.

2. FIXTURES—*What Are.*—When the proofs clearly show the annexation of the property to the realty, appropriation and adaptation to the use and purpose of that part of the realty with which it is connected, and intention on the part of the party making the annexation to make it a permanent accession to the freehold, the property becomes a fixture.

**Assignment,** for the benefit of creditors. Appeal from the County Court of Kankakee County; the Hon. JOHN SMALL, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

### STATEMENT OF THE CASE.

On the 16th of May, 1894, Thomas P. Bonfield, the owner of a tile factory and the real estate on which it was situated in Kankakee county, leased the same to Richard Rosenstock for the period of eight years at a rental of $1,500 per annum. The lease gave to Rosenstock the right to change and add to the building, kilns and machinery and to substitute new machinery for old, new buildings and machinery to become part of the leased property and be surrendered with it on the termination of the lease.

Rosenstock formed a partnership with S. C. Hyndshaw for the purpose of manufacturing brick and tile, and began extensive changes and improvements in the plant. Buildings were remodeled and torn down, new boilers and engines, new drying apparatus and new kilns were substituted for old ones and there was such reconstruction of the entire plant that its capacity was increased from 25,000 to 70,000 brick per day. On the 30th of August, 1894, they purchased of appellants two boilers and one engine for $2,200.01 executing to them notes for balance of the unpaid purchase price amounting to $2,161.81, and a written agreement that title of ownership should remain in appellants until the notes should be fully paid. The boilers and engine with necessary fittings were placed in the reconstructed plant.

Hyndshaw & Rosenstock being in hard lines financially, on the 25th of January, 1895, made an assignment for the benefit of creditors to Edward E. Day, who took possession of the property.

On March 6, 1895, appellants filed a petition in the County

Court setting out the contract between them and Hyndshaw & Rosenstock and asked a return of the engine and boilers. It was resisted by the assignee and Bonfield, each of whom filed answers setting up that the property was so placed in the factory as to become part of the realty and Bonfield further claimed it under that clause in the lease which provided that all new machinery substituted for old should become part of the leased property and be surrendered on the termination of the lease.

The County Court found against appellants and dismissed their petition with petitions of other claimants heard at the same trial.

From the order dismissing their petition appellants have appealed and ask a reversal, because the court did not declare in them a first lien upon the engine and boilers for the amount due them and order the assignee to allow them to remove them.

WHEELER & HUNTER and REMY & MANN, attorneys for appellants.

As between appellants and the insolvents, it is clear that the former were the owners of the engine and boilers in question. Latham v. Sumner, 89 Ill. 233; Fairbanks v. Malloy, 16 Ill. App. 277; Singer Mfg. Co. v. Treadway, 4 Ill. App. 57; Murch v. Wright, 46 Ill. 487.

It is settled beyond controversy in this State that the assignee takes no greater interest in the property than was possessed by his assignor, and that contracts such as the one in question are enforceable against the former. Hoover, etc., Co. v. Burdette, 153 Ill. 672; Trust Co. v. Trumbull, 137 Ill. 180.

It is not enough that the removal of alleged fixtures will do some injury to the real estate, but it must appear that the removal will take away or destroy that which is essential to the support of the building, or that it will necessarily destroy or injure the chattels themselves. Tefft v. Horton, 53 N. Y. 384; Voorhees v. McGinnis, 48 N. Y. 278.

No doubt the parties could agree among themselves they

would treat the engine and other fixtures as personalty. 8 Am. & Eng. Ency. Law, p. 61; First Nat. Bk. v. Adams, 138 Ill. 502; Smith v. Benson, 1 Hill, 176; Badger v. Batavia P. Co., 70 Ill. 302.

Making a chattel mortgage or retaining the title is of itself sufficient evidence that the property is to retain its character of personalty, though it is the intention of both parties that the articles are to be attached to realty. Jones, Chat. Mtgs., Secs. 125, 127; Tefft v. Horton, 53 N. Y. 377; Goddard v. Lamb, 14 Barb. 662.

THOS. P. BONFIELD, attorney for appellee.

That fixtures made by vendor and tenant upon real estate, leased to tenant by owner of fee, with a covenant that such fixtures shall become a part of the real estate and be surrendered with the demised premises on termination of lease, unless privilege of purchasing the premises shall have been exercised by tenant, can not be treated as personal property and removed by vendor, is supported by the following cases: Fifield et al. v. Farmers Nat. Bank, 148 Ill. 163; Cross v. Weare Com. Co., 153 Ill. 512; Dobschuetz et al. v. Holliday, 82 Ill. 374; Ewell on Fixtures, 81.

Where parties (vendor and vendee) among themselves agree to treat fixtures as personal property, their private agreement can not change the character of the property so far as third persons are concerned. 33 Kansas, 264; 82 N. Y. 476; 6 Brad. 33; Cross v. Weare Com. Co., 153 Ill. 513; Fifield et al. v. Farmers Bank, 148 Ill. 163.

Where fixtures are erected by a person in possession under a contract of purchase from owner of land, such as provided for in the lease between Rosenstock and Bonfield, then they, under the rule as to fixtures, come under the law of vendor and vendee, where they are regarded as made with the intention to remain permanently and to belong to the land. Ogden v. Stock, 34 Ill. 528; American and English Encyclopedia, Vol. 8, 57; Westgate v. Nix, 128 Mass. 304; Perkins v. Johnson, 43 Miss. 369; King v. Johnson, 7 Gray, 239; 77 N. C. 188; 20 Kas. 430.

Kaestner v. Day.

The general maxim of law is that all annexations made by the tenant to the soil of his landlord during the term are irremovable. Ewell, page 81. But this depends upon the intention. The interest of the tenant in the land being only temporary and limited, it is not ordinarily his intention to make permanent accessions to the realty. And it is this question of intention that must be determined and inquired into. If the intention is to make the articles annexed a permanent accession to the realty, then such intention must prevail, and such articles must not thereafter be removed without the permission of the landlord. Ewell, p. 90. Such fixtures can not be removed even when the lease has a special provision allowing their removal when it amounts to a destruction of the property. Fifield et al. v. Farmers Bank, 148 Ill. 163; Ewell, 318; also Chap. 1, p. 23, Chap. 3, p. 68, and notes.

Where vendor delivers personal property to vendee under an agreement that the property is to be considered belonging to vendor until the payment of price is made, such agreement is void as to creditors. McCormick v. Hadden, 37 Ill. 370; Murch v. Wright, 46 Ill. 487; Chickering v. Bastress, 130 Ill. 206; Lucas v. Campbell, 88 Ill. 448; Latham v. Spencer, 89 Ill. 233; Hermon v. Locomotive Works, 93 Ill. 664.

There is no law whereby an owner in possession of personal property can give another a lien upon it that is good as against judgment creditors and subsequent purchasers, excepting the laws of chattel mortgages. Union Trust Co. v. Trumbull, 137 Ill. 180; First National Bank of Joliet v. Adams, 138 Ill. 483.

A person having notice of such facts as would put a prudent man on inquiry is chargeable with a knowledge of other facts which by diligent inquiry he might have ascertained. Citizens Nat'l Bank v. Dayton, 116 Ill. 260–265; Burt v. Coleman, 89 Ill. 364; 4th Kent Com. 179; Doyle v. Treas., 4 Scam. 204; Rupert v. March, 15 Ill. 542; Morrison v. Kelley, 22 Ill. 610; Merrick v. Wallace, 19 Ill. 486; Babcock v. Lisk, 57 Ill. 327; Ogden v. Haran, 24 Ill. 59; Watt v. Schofield, 76 Ill. 261; Rupell v. Ransom, 76 Ill. 168; Erickson v.

Raffer, 76 Ill. 210; Burt v. Coleman, 89 Ill. 364; Brown v.
Callaway, 98 Ill. 41; Parker v. Merritt, 105 Ill. 292; Craw-
ford v. C., B. & Q. R. R., 112 Ill. 314; Harris v. McIntyre,
118 Ill. 275; Stokes v. Riley, 121 Ill. 166; Webber v. Clark,
136 Ill. 256; Mallet v. Kaebler, 141 Ill. 170; R. I. & P. R.
R. v. Dimmick, 144 Ill. 628; Mason v. Mullahy, 145 Ill. 383;
Anthony v. Wheeler, 130 Ill. 128.

The doctrine of notice between landlord and tenant as to
fixtures is thus stated: " The possession of the tenant is in
itself sufficient to put a purchaser upon inquiry, and he is
bound at his peril to ascertain the nature and extent of the
tenant's rights." Ewell on Fixtures, p. 317, citing in note,
Wing v. Gray, 36 Vt. 267; Dubois v. Kelly, 10 Barb. 508;
Prince v. Cass, 10 Conn. 381.

The Supreme Court of this State "has uniformly held
that actual occupancy is equal to the record of the deed or
other instrument under which the occupant claims, and a
purchaser is bound to inquire by what right or title he
(occupant) holds. The purchaser takes the premises sub-
ject to that title or interest, whatever it may be." Coari v.
Olsen, 91 Ill. 280; Dyer v. Martin, 4 Scam. 147; Brown v.
Gaffney, 28 Ill. 150; Doyle v. Teas, 4 Scam. 202; Williams
v. Brown et al., 14 Ill. 201; Davis v. Hopkins, 15 Ill. 519;
Prettyman v. Wilky, 19 Ill. 241; Truesdale v. Ford, 37 Ill.
210; Lombard v. Abbey, 73 Ill. 178; Whittaker v. Miller, 83
Ill. 386; Strong v. Shea, 83 Ill. 575.

Possession by tenant is notice of landlord's title, the
same as if landlord was in possession. Pitman v. Gaty, 5
Gill. 186; Whittaker v. Miller, 83 Ill. 381; Franz v. Orton,
75 Ill. 100; Smith v. Jackson, 76 Ill. 254; Ford v. Marcel,
107 Ill. 136; Crawford v. C., B. & Q. R. R., 112 Ill. 321,
bottom of page; Prince v. Cass, 10 Conn. 381.

A purchaser of land will be presumed to have examined
the records in reference to the title before he purchased. If
he fails to do so, it is at his own negligence, and he must abide
the consequence of his omission. He must not shut his eyes
to the light. Merrick v. Wallace, 19 Ill. 499; Walden
v. Gridley, 36 Ill. 524, see page 532; citing England v.

Clark, 4 Scam. 486; Owings v. Thompson, 3 Scam. 502; McManus v. Keith, 49 Ill. 388; Bassett v. Lockard, 60 Ill. 164; Bishop v. O'Connor, 69 Ill. 431; Morris v. Hogle, 37 Ill. 155.

In Crawford v. C., B. & Q. R. R., 112 Ill. 319, this court says : " In fact, the rule is that if anything apprises a purchaser or incumbrancer that a particular person claims the property or an interest in the property, the former must pursue that notice to its source, and failing to do so, he will be charged with all he would have learned had he pursued and investigated the matter to the full extent to which it led. In this case the appellant must be presumed to have examined the title."

Mr. Justice Harker delivered the opinion of the Court.

The only serious question involved in this controversy is whether the engine and boilers purchased of appellants by Hyndshaw & Rosenstock were so set as to become part of the realty.

It may be conceded that as between appellants and the insolvents, the former were the owners of the property until paid for, and that the assignee took the property subject to all equities, liens and incumbrances which existed against the same in the hands of the insolvents. There is no doubt that the parties to the contract of purchase could agree among themselves that the engine and boiler should be treated as personalty, and ownership remain with the vendors until they were paid for; but their agreement could not change the character of the property, so far as third parties were concerned. Dobschuetz v. Holliday, 82 Ill. 371; Fifield et al. v. Farmers Nat. Bank et al., 148 Ill. 163; Cross v. Weare Commission Co., 153 Ill. 499.

In addition to the fact that the lease executed by the owner, Bonfield, and under which the insolvents were operating the plant, expressly provided that all new and substituted machinery should become " part of the demised property " and be surrendered to the owner on the termination

of the lease, the evidence shows that the engine and boilers claimed by appellants were placed within one of the buildings on brick and stone foundations. The boilers were placed on foundations of brick work into the ground, and arched over with brick walls eight feet high laid in mortar. On these walls or arches rested posts supporting the roof of the building. The engine was placed upon a solid stone or concrete foundation sunk four feet and a half in the ground, with iron bolts imbedded in it, and the engine through holes in its bed was bolted to the foundation. A line of shafting was affixed to the engine room by bolts and screws to the walls and extended to the machine room, with pulleys, and from the driving wheel of the engine and belt post to a pulley on the line of shafting, and belts went from the pulleys in the machine room to the mills, thereby driving the machinery. A steam supply pipe passed from the boilers to the engine, connecting them, and steam pipes attached to the building passed from the boilers to the drying machinery in the dry house. This was the condition of the property at the time of the assignment. The evidence also shows that in order to remove the engine and boilers, it would necessitate the breaking of a hole in the brick wall of the building six or seven feet in diameter.

The proofs clearly show annexation of the property in question to the realty, appropriation and adaptation to the use and purpose of that part of the realty with which it is connected, and intention on the part of the party making the annexation to make it a permanent accession to the freehold. They bring the case within the rule stated by Mr. Ewell, in his excellent work on fixtures, page 22.

This case is much like the one reviewed by the court in Fifield et al. v. Farmers Nat. Bank, 47 App. 118, and afterward considered by our Supreme Court, in 148 Ill. 163. We refer to the discussion of the principles involved in the opinions filed in that case, in support of our conclusion that the County Court in this case properly dismissed appellants' petition. Order affirmed.