[No. 13715.   Department Two.   April 30, 1917.]

GEORGE BOERINGA, *Appellant,* v. JOHN M. PERRY,

*Respondent.*[1]

FIXTURES—MORTGAGOR AND MORTGAGEE OF CHATTELS.   The giving
of a chattel mortgage upon pipe to be used for the purpose of irri-
gation implies that it shall retain its personal character; and as
between the parties, it does not become a fixture by embedding and
installing it in the land.

CHATTEL MORTGAGES—FILING — NOTICE — FIXTURES.   Under Rem.
Code, § 3662, providing that every chattel mortgage filed and in-
dexed shall be full and sufficient notice to all the world, a subse-
quent occupant of desert land under an adverse entry has notice
that irrigation pipe, embedded and installed in the land and in-
cluded in a chattel mortgage, was chattel property subject to the
lien of the mortgage and not part of the real estate.

PUBLIC LANDS—DESERT LAND ENTRY—IMPROVEMENTS—PROOF.   It
is not fraudulent for a desert land entryman to include in his three
years proof the cost of irrigating pipe which he had purchased and
installed subject to a chattel mortgage lien.

CHATTEL MORTGAGES—FORECLOSURE — FIXTURES — REMOVAL.   Upon
the foreclosure of a chattel mortgage upon irrigating pipe embedded
and installed in the land, which has passed into the possession of
third persons, with notice, it is not unlawful for the decree to en-
force entry upon the land to remove the pipe, where it can be done
without permanent injury to the real estate.

Appeal from a judgment of the superior court for Yakima
county, Grady, J., entered April 17, 1916, upon findings in
favor of the defendant, in an action to foreclose a chattel
mortgage, tried to the court.   Reversed.

*W. A. Funk,* for appellant.

*Lynch & Chesterley,* for respondent.

HOLCOMB, J.—Appellant brought action to foreclose a
chattel mortgage given by defendant Thomas S. Sewell to
plaintiff upon a certain pump house and motor and all pipe
and all improvements of every kind and nature, excepting one

[1]Reported in 164 Pac. 773.

pump, located on the southeast quarter of the northwest quarter of section 30, township 10, north, range 22 E., W. M., in Yakima county, Washington, to secure the payment to appellant of a promissory note for the sum of $1,500, with interest at the rate of ten per cent per annum, according to the terms and conditions of a promissory note dated July 1, 1912, signed by the mortgagor, due one year after date. At the time of the execution of the note and mortgage on July 1, 1912, Sewell was in possession under a desert land entry of the land described, and the money was borrowed for the purpose of buying the pipe, pump house and motor, and installing the same to irrigate the land. The pump house and motor were not situated on the desert land claim.

Sewell paid none of the principal or interest of the debt, and on July 3, 1912, immediately after the maturity of the note and mortgage, respondent Perry began a contest of the entry against Sewell, which was prosecuted in the Federal land office. Sewell made default in the contest. Perry was given the preference right of entry and thereupon entered the same as a desert land entry. This action was begun on April 12, 1915. Perry was made a party to the action as claiming some right, title, or interest in and to the mortgaged property, alleged to be subordinate and subject to the claim or interest of appellant and his lien under the mortgage.

It appears from the evidence that Sewell abandoned the premises and did not remove the pipe during his term. He had the right of possession of the land in question under his desert land entry at the time the alleged chattel mortgage was executed, but forfeited his right of entry and never claimed the pipe. It appears also that the pipe was joined together in one continuous line and placed in the soil on the land in question, the most of it being completely buried, but a small part of it being left uncovered.

The trial court found, among other things, that Sewell procured the pipe and installed it upon the land in construction of an irrigation system which was of a permanent nature;

and further found that all the pipe line situated upon the premises is appurtenant to the fee of the premises and fixtures thereon. Upon these findings, he concluded that the pipe line on the land mortgaged to appellant was part and parcel of the realty and free from the lien of the plaintiff as set up in his complaint, and that the foreclosure proceedings should not include any pipe or pipe lines upon the described premises. The question to be determined is whether the pipe mortgaged to appellant became real estate or remained a personal chattel under the chattel mortgage and subject to the lien thereof.

It is contended by respondent that, inasmuch as the pipe was imbedded in the soil and became a part of the permanent system of irrigation attached to the soil, it is therefore a fixture and real estate and cannot be subject to a chattel mortgage. This condition is important only to determine whether or not property which may be considered real or personal property is one or the other according to the acts of the parties, in the absence of an agreement relating thereto.

Generally speaking, an agreement that chattels affixed to realty shall retain a personal character may be either in writing or parol. *Broaddus v. Smith*, 121 Ala. 335, 26 South. 34, 77 Am. St. 61; *Tyson v. Post*, 108 N. Y. 217, 15 N. E. 316, 2 Am. St. 409; *Western North Carolina Railroad v. Deal*, 90 N. C. 110. In general, it may be said that almost anything affixed to realty may by agreement be treated as personalty. Thus it has been held that houses and other buildings, machinery, railroad tracks, nursery stock, and, indeed, practically everything which before annexation was personal property may still retain their chattel character by an agreement to that effect. But the right to preserve the personal character of fixtures by agreement is limited to chattels which are attached to the realty in such a manner that they may be detached without being destroyed or materially injured, or without destroying or materially injuring the realty to which they are attached. *Henkle v. Dillon*, 15 Ore. 610, 17 Pac. 148; *Ford v. Cobb*, 20 N. Y. 344; *Eaves v. Estes*, 10 Kan.

314, 15 Am. Rep. 345; *Western Union Tel. Co. v. Burlington
& S. W. R. Co.*, 11 Fed. 1; *Sword v. Low*, 122 Ill. 487, 13 N.
E. 826; *German Sav. & Loan Society v. Weber*, 16 Wash. 95,
47 Pac. 224, 38 L. R. A. 267.

In the last cited case, this court held, in conformity with
the great weight of authority, that:

"Whether fixtures attached to real estate should be re-
garded as personalty or realty is largely governed by the
intention of the contracting parties even so far as the rights
of a former mortgagee are concerned, subject to the limitation
that the fixtures, which, but for the stipulation, would be re-
garded as realty, can be removed only when such removal can
be effected without injury to the real estate."   [Syllabus].

And, in the course of the opinion, language from the case
of *Ford v. Cobb*, 20 N. Y. 344, was quoted with approval, as
follows:

"But it is otherwise with things which, being originally
personal in their nature, are attached to the realty in such a
manner that they may be detached without being destroyed
or materially injured, and without the destruction of, or ma-
terial injury to the things real with which they are con-
nected; though their connection with the land or other real
estate is such that in the absence of an agreement or of any
special relation between the parties in interest, they would be
a part of the real estate."

Of course, as was observed in *Binkley v. Forkner*, 117 Ind.
176, 181, 19 N. E. 753, 3 L. R. A. 33:

"If, in the course of constructing a house, brick should
be placed in the walls, and joists and beams in their proper
places, the brickmaker and sawyer would not be permitted to
despoil the house by asserting an agreement with the owner
that the brick and beams were to retain their character as
personalty notwithstanding their annexation. . . . But
when chattels are of such a character as to retain their iden-
tity and distinctive characteristics after annexation, and do
not thereby become an essential part of the building, so that
the removal of the chattels will not materially injure the
building, nor destroy or unnecessarily impair the value of

the chattels, a mutual agreement in respect to the manner in which the chattels shall be regarded after annexation will have the effect to preserve the personal character of the property between the parties to the agreement."

It has been held in many cases that, if competent parties make an express agreement that fixtures shall retain their character as chattels, there can be no doubt that the agreement is binding as between the parties thereto. *Badger v. Batavia Paper Mfg. Co.*, 70 Ill. 302; *Kaestner v. Day*, 65 Ill. App. 623. And where one purchases an article to be annexed to the freehold which, from its character, may, after annexation, be either realty or personalty according to the intention of the parties, the giving of a chattel mortgage thereon to the seller is sufficient evidence of an intention that the fixture shall retain its character as personalty. *Edwards & Bradford Lumber Co. v. Rank*, 57 Neb. 323, 77 N. W. 765, 73 Am. St. 514; *Arlington Mill & Elevator Co. v. Yates*, 57 Neb. 286, 77 N. W. 677.

An agreement that the fixture shall retain its personal character is said to be implied from the mere giving of a chattel mortgage. *Sowden & Co. v. Craig*, 26 Iowa 156, 96 Am. Dec. 125; *Campbell v. Roddy*, 44 N. J. Eq. 244, 14 Atl. 279, 6 Am. St. 889; *Ford v. Cobb, supra; Tibbetts v. Horne*, 65 N. H. 242, 23 Atl. 145, 23 Am. St. 31, 15 L. R. A. 56; *Tifft v. Horton*, 53 N. Y. 377, 13 Am. Rep. 537; *Eaves v. Estes*, 10 Kan. 314, 15 Am. Rep. 345; *Sword v. Low*, 122 Ill. 487, 13 N. E. 826; *Binkley v. Forkner, supra; Warner v. Kenning*, 25 Minn. 173; *Burrell v. Wilcox Lumber Co.*, 65 Mich. 571, 32 N. W. 824; *Henkle v. Dillon*, 15 Ore. 610, 17 Pac. 148; *Andrews & Co. v. Chandler*, 27 Ill. App. 103; *Miller v. Griffin*, 102 Ala. 610, 15 South. 238. It is, therefore, well settled, as between Sewell and appellant, that the status of the pipe mortgaged to appellant was fixed as a chattel.

The difficulty is in determining the effect of this agreement as to third parties, for it is also well settled that, while

parties themselves may make almost any agreement they wish as to the personal character of fixtures, yet such an agreement does not, in most cases, affect the rights of third persons who are not parties to the agreement. To what extent third parties are bound is a question depending upon the nature of the agreement and the relations of the parties. The statement, made in some cases, that an agreement cannot change the character of the parties so far as third parties are concerned is true only to a limited extent. *Kaestner v. Day,* 65 Ill. App. 623. If the rights of innocent third parties will not be prejudiced, fixtures may retain their chattel character. *Edwards & Bradford Lumber Co. v. Rank, supra.* In cases where the rights of claimants of fixtures depend upon notice to adverse claimants, there is a considerable variety of opinion as to the effect of recording alone as importing notice, much depending, of course, upon the language of statutes involved. 19 Cyc. 1054. As to such notice, our statute relating to the filing or recording of chattel mortgages provided, in Rem. Code, § 3662, that every such mortgage filed and indexed in pursuance of this act "shall be held and considered to be full and sufficient notice to all the world, of the existence and conditions thereof." The effect of this provision is that the due filing of a chattel mortgage, as was the case here, imports as much as actual and positive notice of the mortgage and of all its conditions to all persons dealing with the chattel thereafter.

Respondent cites authorities to the effect that a subsequent purchaser for value is an innocent purchaser, and that fixtures attached to the soil are as real estate and not subject to a chattel mortgage seeking to hold a lien thereon as a chattel. That is true where a subsequent purchaser for value has no notice, either actual or constructive, or notice such as our statute provides, which is equivalent to actual notice, that the property in question has been agreed and determined to be chattel property. The respondent here is not an innocent purchaser for value. He is merely a subsequent occupant of

the same real estate.  He has, it is true, the right of posses-
sion, which cannot be questioned, of the real estate and of all
the real estate comprises.  His right of possession of the real
estate has been granted by the national government and is
superior to the rights of all others as to the land itself and
its enjoyment.  But the respondent had notice, by the filing
of the chattel mortgage, that the pipe embedded and installed
in the land was chattel property upon which the appellant had
a lien by his chattel mortgage.  The respondent has bought
nothing.   He is not an innocent purchaser of anything.
While the former entryman and possessor of the land under
the desert land entry was in possession he could contract
with reference to chattels, fixtures and improvements thereon
in all respects under the local law, and his contracts would
be enforced.  He could have removed the pipe mortgaged, or
any other fixture which he placed upon the land, prior to his
abandonment or his removal from the land.

Under the facts and circumstances shown, we are impelled
to the conclusion that the pipe mortgaged was, by virtue
thereof, agreed by the former entryman and possessor of the
desert land entry to be chattel property and not a part of the
real estate.

Notwithstanding the fact that he made what is called three
years proof, under which he proved the methods by which he
had attempted to reclaim the land and included in his im-
provements the pipe purchased, that must be taken and un-
derstood to have been subject to the lien which he had there-
tofore voluntarily given for the money which he had bor-
rowed with which to purchase the same.  It was, therefore,
not fraudulent for him to make such proof in attempting to
obtain title to the land.

Equity and good conscience demand that appellant's mort-
gage be enforced according to its terms.  It may be said in
opposition thereto that any attempt to remove the pipe from
the land will constitute a trespass against the possession of
the respondent; and, also, that it is impossible to remove the

same without injury to the freehold. As to the first proposition, the possession by the respondent and present entryman is not as yet a complete and permanent possession, but is only a possession dependent upon his reclamation of the land, and compliance with the laws relating to desert entries. In any event, his possession can only be protected under and by virtue of the state laws. These guarantee him the peaceable possession of the land in question as against trespass or unlawful intrusion. It is no unlawful intrusion for the state to enforce the rights of a person having a superior and prior right to chattel property remaining upon the land.

It is shown by the evidence that the pipe in question can be removed without permanent injury to the real estate. Such injury as would occur would be temporary only, and that could be avoided by removing it at a time when the land is not being irrigated, or during the fall and winter months. Notwithstanding the extreme character of this case, we think appellant entitled to such a decree.

The judgment of the lower court will be reversed in so far as it decreed that appellant was not entitled to a judgment of foreclosure against the pipe described in the chattel mortgage, and further providing for the protection of the rights of the respondent in the matter by decreeing that the pipe shall only be removed at a time when there is no irrigation being done upon the premises or during the months between November and March inclusive, and that no growing tree shall be removed, despoiled or injured upon the premises, or any permanent structure thereon, and that the soil removed shall be restored in as good condition as before.

ELLIS, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.