ADOLPHUS BARTHOLOMEW *vs.* JOHN HAMILTON & another.

A mechanic who, under a contract with a mill-owner that it should remain the builder's property till paid for, built and set up in the mill a machine in such a manner that as between mortgagor and mortgagee of the mill it was permanently annexed to the realty, and then upon default of payment severed and removed it, has a right to hold it against the subsequent assignee of such a mortgage, if the mortgagee consented to the arrangement by which it was placed there, or, being in possession under his mortgage, treated it as personal property and consented to its removal.

REPLEVIN of a machine. The case was submitted to the judgment of the court on agreed facts, and is stated in the opinion.

*P. E. Aldrich & A. J. Bartholomew,* for the plaintiff.

*G. F. Hoar & T. L. Nelson,* for the defendants.

COLT, J. David W. Miner, one of the defendants, claims title to the personal property in question, under a written contract made between Rice, Barton & Company and the Ware River Paper Company, by which the former agreed to construct for the latter a machine for making and drying paper, which was not to become their property until paid for according to certain specified terms, but which they were in the mean time to have the right to remove and use in their mill. Under this arrangement, the machine was set up in the mill, connected with other machinery and apparatus, and used for making paper. It was not fully paid for as agreed, and Rice, Barton & Company, after the payments became due, assigned to the defendant Miner their interest in it under the contract.

At the time when the machine was placed in the mill, there was a prior mortgage on the real estate, upon which, after the bankruptcy of the paper company, possession was duly taken for the purpose of foreclosure. This mortgage was subsequently assigned to the plaintiff, and he now insists that under it he became the owner of this machine, as property annexed to the realty by the mortgagors while they were in possession of the premises.

In the view we take, it is unnecessary to consider with care, whether the property in question was of such a description as to become, when placed in the mill, a fixture which was part of the real estate as between mortgagor and mortgagee. The improve-

ments of a mortgagor in possession, who is to be regarded as owner, except so far as the security of the mortgagee requires, are regarded as made to enhance the general value of the estate, and not for temporary enjoyment. And the rule is therefore most favorable to the mortgagee. But as between the parties to a contract like this, and as against a mortgagee, who with full knowledge consents to the arrangement, or while in possession under his mortgage treats the property as personal property and consents to its removal, this property, although it has the character of a fixture, and has been permanently annexed, must be considered personal.

By the facts agreed, it appears that after Miner obtained the interest of Rice, Barton & Company, before the assignment of the first mortgage to the plaintiff, and while the mortgagees were in possession under it, the general agent of the owners of the mortgage declared, when notified of Miner's title, that the mortgagees made no claim to the machine and did not object to its removal. The key of the mill was directed by him to be given up, that the machine might be taken down and removed by Miner. And it was then mostly taken to pieces, removed from the mill, and placed in the keeping of Hamilton, the other defendant. There is nothing in the case to control the inference that this action of the general agent was fully authorized by the owners of the mortgage.

The plaintiff, as assignee of this mortgage by a subsequent assignment, took subject to the disposition of the property in question thus made by both mortgagors and mortgagees. He could claim no greater interest in the mortgaged premises than the owners of the mortgage had at the time of the assignment, and they had then abandoned whatever title they may have had to the machine, by permitting it to be severed and removed from the mill. *Hunt* v. *Bay State Iron Co.* 97 Mass. 279. *Fay* v. *Noble*, 12 Cush. 1.

In reference to the title acquired by the plaintiff under those mortgages of the real estate and machinery which were made after the machine was placed in the mill, it is sufficient to say that they were both expressly made subject to the lien created

by the agreement with Rice, Barton & Company. That agreement superseded the general rule of law as to fixtures, and is binding not only upon the parties to it, but upon subsequent mortgagees with notice. *Hunt* v. *Bay State Iron Co.* 97 Mass. 279.                    *Judgment for the defendants.*