RUTH B. WIGHT, Administratrix, *vs.* JAMES GRAY, and others.

Hancock.    Opinion April 4, 1882.

*Fixtures.    Mortgagor and mortgagee.*

Fixtures actually or constructively annexed to the realty, after the execution of a mortgage of the real estate become a part of the mortgage security, and, while the mortgage is in force cannot be removed or otherwise disposed of by the mortgagor or by one claiming under him, without the consent of the mortgagee.

ON REPORT of facts agreed.

Trespass *qu. cl.* and removing from the premises, which were then in plaintiff's possession as mortgagee, a frame building erected thereon by the husband of the mortgagor with her consent after the execution of the mortgage.

The material facts are stated in the opinion.

*H. D. Hadlock,* for the plaintiff, cited : *Blaney* v. *Bearce,* 2 Maine, 132 ; *Allen* v. *Bicknell,* 36 Maine, 436 ; *Bird* v. *Decker,* 64 Maine, 550 ; *Hinkley and E. Iron Co.* v. *Black,* 70 Maine, 480 ; *Chase* v. *Wingate,* 68 Maine, 204 ; *Lynde* v. *Rowe,* 12 Allen, 100 ; *Bonney* v. *Foss,* 62 Maine, 248.

*O. P. Cunningham,* for the defendants, claimed that as the building removed was erected upon the land by the consent of the owner in possession, it never became a fixture to the freehold and could be removed by the tenant or his representative as personal property.    51 Maine, 48 ; 6 Maine, 456 ; 4 Mass. 514 ; 16 Mass. 448 ; 30 Maine, 570 ; 1 Maine, 119.

SYMONDS, J.    The general rule is that fixtures, actually or constructively annexed to the realty, pass by a conveyance or mortgage of it, where the contents of the deed do not show an intention to the contrary.    *Davis* v. *Buffum,* 51 Maine, 160.

Fixtures annexed after the execution of the mortgage become a part of the security for the mortgage debt and, while the mortgage is in force, cannot be removed or otherwise disposed of by the mortgagor or by one claiming under him without the

consent of the mortgagee. "The mortgagor generally looks to the redemption of the property, and what he adds to it of a permanent character is for his own benefit. . . . . . He may always save himself from loss, however expensive his erections may be, by paying his debt." So far as the relations between the mortgagor and the mortgagee in this respect are concerned, the distinction between trade-fixtures and other fixtures is of no importance. *Smith* v. *Goodwin*, 2 Maine; 173; *Corliss* v. *McLagin*, 29 Maine, 115; 43 N. H. 390.

"If, after the execution of a mortgage of real estate, fixtures are added by a tenant at will of the mortgagor, his right to remove them, after an entry by the mortgagee for the purpose of foreclosure, must be determined by the rule which prevails between mortgagor and mortgagee, and not by that which prevails between landlord and tenant." *Lynde* v. *Rowe*, 12 Allen, 100.

There is some tendency to hold, as in *Tefft* v. *Horton*, 53 N. Y. 380, that, where the fixture was erected by a tenant of the mortgagor, under an agreement with him that it should remain the tenant's chattel, the mortgagee cannot interpose before taking possession of the premises, to prevent the carrying out of such an agreement. But this distinction is of no importance here, as the mortgagee was in full possession at the date of the trespass alleged. See *Richardson* v. *Copeland*, 6 Gray, 536; *Clary* v. *Owen*, 15 Gray, 522; *Hunt* v. *Bay State Iron Co.* 97 Mass. 279; *Pierce* v. *George*, 108 Mass. 78.

If the mortgagee consents that the fixture shall remain personalty, the right of removal is not lost. *Bartholomew* v. *Hamilton*, 105 Mass. 239.

These general principles include a full statement of the law of this case. The building in controversy was erected upon premises then subject to mortgage by the husband of the mortgagor with her consent, but without the consent of the mortgagee. The plaintiff was in possession by virtue of a foreclosure of the mortgage, when the defendants entered and removed the building against her will and remonstrance. Under the rules already stated, the building was as to the mortgagee a part of the realty, if it was actually or constructively annexed thereto. The only

description of it is that it "was not underpinned but rested upon posts set in the ground, and was finished and had a chimney." The cases of *Butler* v. *Page*, 7 Met. 40, and *Cole* v. *Stewart*, 11 Cush. 182, are direct authorities that buildings of this description are fixtures which the mortgagee may hold. *Linscott* v. *Weeks*, 72 Maine, 506.

*Judgment for the plaintiff.*

*Damages to be assessed at Nisi Prius.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.