# Miller v. Griffin et al.

*Bill in Equity to foreclose a Mortgage.*

1. *Priority of mortgage; failure to record within 30 days.*—Under the provisions of section 1810 of the Code, a mortgage executed to secure a debt created at the date thereof, which is not recorded within 30 days from its date, is secondary and subordinate to a mortgage subsequently executed by the same mortgagor to one who had no notice

of the existence of the prior mortgage, and which second mortgage was recorded before the registration of the prior mortgage.

2. *Same; when extension of debt does not amount to payment.*—M. sold a saw mill, engine and boiler to H. and A., who executed to him, on June 12, 1884, a mortgage on said property to secure the payment of the purchase price thereof. H. afterwards sold his interest to A., subject to said mortgage. A. purchased land from N., and, on June 19, 1889, executed a mortgage to his vendor to secure the purchase money, including in said mortgage the mill, engine and boiler purchased from M., which was then attached to the land, and recited therein that this was a second mortgage on said mill, engine and boiler. Before this second mortgage was recorded, M., the owner of the first mortgage, without notice of said second mortgage, released H., and took from A. a note for the agreed balance, extended the debt and took from him a mortgage on the same property to secure the payment of said balance. *Held*, that this was not a payment of the debt, or a discharge of the lien of the first mortgage to M., but was a renewal and extension of said debt; and the second mortgage to M. had priority over the mortgage to secure the payment of the purchase money of the land.

3. *Chattel mortgage on personalty can not be defeated by attaching property to land.*—Where a mortgage is given upon a chattel, the mortgagor can not, by attaching such property to land, so as to make it a part of the realty, defeat the mortgage lien.

APPEAL from the Chancery Court of Shelby.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by the appellees, Thos. G. Griffin, Sr., and others, against J. W. Miller, J. M. Anderson & Co. and others; and sought to foreclose a mortgage. This mortgage was given by J. M. Anderson & Co. to the heirs of Paul H. Nabors, deceased, to secure the payment of the purchase money for certain land, which had been sold by said heirs to J. M. Anderson & Co.; and one of the notes for the deferred payments was transferred to Thos. G. Griffin, Sr., who joins with the heirs of Paul H. Nabors as parties complainant in the bill.

The bill recited, and the mortgage which was made and executed to the appellee showed, that it was given, not only upon certain real estate, but also upon one saw mill, which was situated upon the land at the time of the execution of the mortgage. The mortgage, however, also recited, that this was a second mortgage on the saw mill. J. W. Miller, one of the defendants to the original bill, filed his answer and asked that the same be taken

as a cross-bill, alleging therein that, at the time of the execution of the mortgage by J. M. Anderson & Co. to the Nabor heirs, the saw mill, engine, boiler and other appurtenances thereto, were under a mortgage lien to him, which was given to him by one Hamlet and J. M. Anderson on June 12, 1884, to secure the purchase price of said saw mill, engine, boiler, &c.; and that at the time of the execution of the mortgage to the Nabor heirs, there was a balance due upon said mortgage, and the said complainants knew of the existence of this mort-gage at the time Anderson & Co. executed the mortgage to them.

The prayer of the cross bill was, that the said J. W. Miller be decreed to have a lien prior to the lien of the original complainants, sought to be enforced by the bill.

The other facts of the case are sufficiently stated in the opinion. On the final submission of the cause, on the pleadings and proof, the chancellor decreed that the mortgage of the original complainants covered, not only the land and other property embraced thereon, but also the saw mill, engine, boiler and appurtenances thereto; and that J. W. Miller's mortgage was subordinate to that of the original complainants. The present appeal is prosecuted by J. W. Miller, and this decree of the chancellor is assigned as error.

J. M. Martin, for appellant.—A mortgage of machinery, piping or other appurtenances of a saw mill, treated as personal property, remains so, as to the first mortgagee, even if afterwards moved upon land owned by the mortgagors, and mortgaged together with the realty to a third person.—*Horn v. Indianapolis Nat. Bank*, 9 Lawyers' Rep. Ann. 676. When the owner of personal property, attached to realty, mortgages it as personalty, as was done in this case, it will be presumed that it was intended that it shall not become a part of the realty, but shall remain personalty.—*Carpenter v. Allen*, 22 North East. Rep. 900. The taking by appellees of a second mortgage upon the mill and its appointments, and, in the absence of a release of the first mortgage by appellant, Miller, must be deemed merely an additional security for the debt due to them.—*Marlowe v. Benagh*, 52 Ala. 113; *Boyd v. Beck*, 29 Ala. 704.

[Miller v. Griffin *et al.*]

The appellees can not claim to stand in the relation of a *bona fide* purchaser or mortgagee for value, without notice of any prior lien. They had notice of Miller's, mortgage, and it was their duty to inquire as to its amount, &c.—*Gresham v. Ware,* 79 Ala. 192.

HENRY WILSON, *contra.*—The property on which appellant claims to have a mortgage, having been annexed to the freehold and thus having lost its character as chattels, passed under the mortgage of the realty to the appellees.—1 Jones on Mortgages, §§ 435-447, inclusive; *DeLacy v. Tillman,* 83 Ala. 155; *Brennen v. Whitaker,* 15 Ohio St. Rep. 446; *Voorhees v. McGinnis,* 48 N. Y. Rep. 278; *Frankland v. Moulton,* 5 Wis. 1; *Fryatt v. Sullivan,* 5 Hill, (N. Y.), 116; *Roberts v. Dauphin Bank, &c.,* 19 Pa. St. 71.

COLEMAN, J.—The appellees filed their bill to foreclose a mortgage executed by Anderson & Co. upon certain real estate described in the bill. The bill avers that there was a boiler and engine and saw mill on the land which was a part of the realty, and included in the mortgage. This mortgage was executed June 19th, 1889, and filed for record on the 18th day of August, 1889. J. W. Miller was made one of the parties defendant. He answered and filed a cross-bill, setting up a prior mortgage executed to him by one A. B. Hamlet and J. M. Anderson on the 12th day of June, 1884, on the engine, boiler and mill and fixtures. This mortgage was duly recorded in the probate court of Bibb county, in which county the property at that time was situated. The answer and cross-bill also set up a subsequent mortgage, executed on the same property to Miller by Anderson & Co. on the 22d of July, 1889, which was duly recorded on the 24th of July, 1889. It will be seen from this statement of facts, that the mortgage to complainants, though prior in point of date, to the second mortgage to J. W. Miller, was not filed for record nor recorded within thirty days from its date, and that the second mortgage to Miller was executed and recorded before the registration of complainants' mortgage. Section 1810 of the Code provides that mortgages to secure a debt created at the date thereof are void as to purchasers for a valuable consideration, mortgagees and judgment creditors, having no

notice thereof, unless recorded within thirty days from their date. According to the evidence, J. W. Miller had no notice of the existence of the mortgage to complainants, at the time of the execution to him of this mortgage of July 22d by Anderson & Co. Under the foregoing section of the Code, J. W. Miller was entitled to priority. Independent of this principle the mortgage of complainants upon boiler, engine and mill is secondary to that of Miller. The evidence shows that Miller sold this property to Hamlet and Anderson and took the mortgage of 1884 to secure the payment of the purchase money. Subsequent to this time Hamlet sold his interest to Anderson & Co., of course subject to the mortgage to Miller. On the 22d of July, 1889, there was ascertained to be due on this debt $715. On that day J. W. Miller released Hamlet and took from Anderson & Co., the purchasers from Miller, their note for the balance of the purchase money and extended the debt, and took from them the mortgage of July 22d, 1889, on the same property. We do not think under the evidence that the taking of the second mortgage was either a payment of the debt or a discharge of the lien of the first mortgage to Miller. It was rather intended as a renewal and extension of the same debt, and this notwithstanding the endorsement on the mortgage, "settled by renewed note and mortgage." The use of the word, "settled," renders the meaning somewhat obscure, but we are of opinion the meaning and intention of the parties was to have a settlement with Hamlet, and then to renew and extend the debt, and this was done by the new note and mortgage, signed by Anderson & Co., the purchasers from Hamlet. Anderson was one of the original debtors. Anderson and Miller both swear, it was intended as a renewal and extension of the old debt, and there is no evidence to the contrary, except a mere inference from the word "settled."—*Boyd v. Beck*, 29 Ala. 703.

The evidence is positive that complainants had actual notice of the existence of the mortgage of 1884, or of facts calculated to put them on enquiry, which would have led to knowledge of its existence at the time of the execution of the mortgage to them. It is expressly stated in the mortgage that "this is the second mortgage on the same mill," and the evidence shows that Anderson stated to them that the property was encumbered.

[Parrish v. Steadham.]

There is no merit in the contention that the boiler and engine was a part of the freehold. The mill was not on the land, when the agreement for the sale and purchase of the land was made between plaintiffs and Anderson & Co. The entire plant at that time was in Bibb county. The engine, boiler and mill fixtures were under mortgage at the time of its removal to Shelby county. Although a building, machinery or mill may be so attached to land as to become a part of the realty, parties by contract may sever it, and convert such property into a chattel; and where a mortgage is given upon a chattel, the mortgagor can not, by annexing or attaching such property to land, defeat the mortgage lien.—*Foster v. Mabe*, 4 Ala. 402; *Vann v. Lunsford*, 91 Ala. 576; *Wood v. Holly Manufacturing Co.*, 100 Ala. 326.

The court erred in decreeing that the mortgage of Miller was subordinate to that of complainants. As to the property embraced in the mortgage to Miller, he was entitled to priority. The liability of complainants for the use of the mill and engine is not raised by the pleadings and it is unnecessary to consider this question.

Reversed and remanded.