MONTICELLO BANK *v.* SWEET.

Opinion delivered December 18, 1897.

MORTGAGE—PRIORITY OVER MECHANIC'S LIEN.—Under Sand. & H. Dig., ₰ 4737, a mortgage took precedence over a materialman's lien for materials subsequently furnished for the erection of a barn thereon. (Page 503.)

VESTED RIGHTS—WHEN PROTECTED.—Where, at the time of its execution, a mortgage on land was entitled to priority over a lien for materials subsequently furnished for the erection of a building thereon, the mortgagee's rights will not be affected by the subsequent passage of an act giving to such liens priority over existing mortgages. (Page 504.)

Appeal from Desha Circuit Court.

JOHN M. ELLIOTT, Judge.

*Wells & Williamson,* for appellant.

The lien of a mortgage is superior to that of a material man (claiming under the act of April 20, 1895) whose lien attached after that of the mortgage. Sand. & H. Dig., § 4737; 56 Ark. 640. Even if this were not true, this act does not operate on existing rights. Sec. 17, art. 2, Const. of Ark.; 3 Am. & Eng. Enc. Law, p. 760; 40 N. W. 513; 9 S. E. 359; 30 N. W. 458; 5 Ark. 217; 17 Ark. 489; 57 Ark. 481. In any event, the *costs* of enforcing appellees' lien should have

been adjudged against the building, rather than the appellant. 4 Am. & Eng. Enc. Law, p. 318.

WOOD, J. On the 19th day of October, 1894, appellees furnished lumber to one S. M. Courtney for the building of a barn on lands which S. M. Courtney and wife had, prior to that time, mortgaged to appellant. The mortgage was filed for record March 17, 1894. Appellees, to fix their lien, filed a verified account with the clerk of the Desha circuit court January 4, 1895. The lands were sold, under power of sale contained in the mortgage, March 19, 1895, and appellant purchased same, paying therefor more than two-thirds of the appraised value. Appellees brought this suit June 15, 1895, against Courtney and the bank, to enforce their lien. The bank claimed that its lien under the mortgage was superior to that of appellees. At the trial, appellees waived all claim of lien on the land. Judgment was rendered against Courtney for the debt due appellees, and same was declared a lien on the land superior to the lien of the mortgage, and the bank appealed. The question is, which had the superior lien?

The rule generally obtains "that fixtures attached to the realty after the execution of a mortgage of it become a part of the mortgage security, if they are attached for the permanent improvement of the estate, and not for a temporary purpose, or if they are such as are regarded as permanent in their nature." *Bank of Louisville* v. *Baumeister*, 87 Ky. 6; *Crane* v. *Brigham*, 11 N. J. Eq. 29; *Winslow* v. *Merchants Ins. Co.*, 4 Met. 306; *Potter* v. *Cromwell*, 40 N. Y. 287; *Wight* v. *Gray*, 73 Me. 297; *Wood* v. *Whelen*, 93 Ill. 153; *Frankland* v. *Moulton*, 5 Wis. 1; *McFadden* v. *Allen*, 134 N. Y. 489; 1 Pingrey, Mort. § 403; 1 Jones, Mort. § 433.

It is said in *Goff* v. *O'Conner*, 16 Ill. 422, that "houses, in common intendment of the law, are not fixtures, but part of the land." Without going thus far, it sufficeth to say that, in the absence of any express or implied agreement to the contrary, a barn must be regarded as permanently attached to the freehold. The nature, use, and purpose of such an improvement is to permanently benefit the estate to which it is annexed. *Savings Bank* v. *Kercheval*, 65 Mo. 682. See, on fixtures, *Choate* v. *Kimball*, 56 Ark. 55.

Therefore the mortgage to the bank included the land and all permanent annexations thereto made either before or after its execution. Such being the effect of the mortgage contract between the bank and Courtney, no subsequent law could provide for the creation of a lien by the mortgagor to a third party that would defeat the lien of the mortgagee, without destroying vested rights and impairing the obligation of contracts.* It follows that the priority of lien in this case depends upon the law concerning liens for materials furnished, as it existed at the time of the execution of the mortgage. At that time one who furnished materials for a building had a lien on said building, and the land upon which it was situated, for said materials, to be preferred to all other liens and incumbrances attached to or upon such building and lands, *made subsequent to the commencement of such building.* Sand. & H. Dig., §§ 4731, 4737.

The mortgage lien upon the land was prior to the commencement of the building. It covered the building coetaneously with its commencement, and not subsequent thereto. At the time the materials were furnished and the building was commenced, the mortgagor had no interest in the land that would give him the right, without the knowledge and consent of the mortgagee, to incumber same with liens upon buildings, in favor of third parties, that would take precedence of the rights of the mortgagee. "The title to real estate would be infinitely perplexed if one person owned the structure and another the land." *Meyer* v. *Berlandi*, 40 N. W. Rep. 513. The court erred in its declarations of law. Reversed, and judgment entered here for appellant.

---

* The mechanics' lien act of April 20, 1895, ? 3, provides that "the lien for the things aforesaid, or work, shall attach to the buildings, erections or other improvements, for which they were furnished or work was done, in preference to any prior lien or incumbrance or mortgage existing upon said land before said buildings, erections, improvements or machinery were erected or put thereon," etc