THOMPSON YARDS, Incorporated, Respondent, v. WILLIAM
BUNDE and Robert J. Bunde, Copartners, Doing Business as
Bunde Brothers; John B. Fried, Oscar K. Fried, Ida A. Fried,
and John B. Fried Land Co., a Corporation, Appellants.

(30 A.L.R. 538, 196 N. W. 312.)

**Vendor and purchaser — vendee under land contract deemed owner and
vendor holder of legal title.**

1. In equity, the vendee under a contract for the purchase of land is deemed
the owner of the land, and the vendor the holder of the legal title to the land
in trust for the purchaser and as security for the payment of the purchase price.

**Chattel mortgages — chattel mortgage on building severable from land with-
out material injury held enforceable.**

2. Where the vendee under such contract purchases building material for
use in constructing a granary, under an agreement with the seller of such
building material that the building to be constructed therefrom shall be deemed
personalty, and the building is constructed in such manner that it can be re-
moved from the realty without any material injury thereto, a chattel mortgage
given on such building is enforceable, and is not vulnerable to the objection
of the vendor that the building is real property.

**Chattel mortgages — validity of chattel mortgage held not affected by land
contract providing that buildings shall not be removed.**

3. Such chattel mortgage is not rendered invalid by a provision in the con-
tract for the purchase of the land to the effect that all buildings erected or
placed on said lands, shall not be removed therefrom, but shall be and remain
the absolute property of the vendor in said "land-purchase" contract, until
said contract has been fully performed by the vendees.

Opinion filed December 8, 1923.

Chattel Mortgages, 11 C. J. § 54 p. 445 n. 91 New. Fixtures, 26 C. J. § 57 p.
688 n. 28, 29. Vendor and Purchaser, 39 Cyc. p. 1612 n. 98, 99.

Note.—(1) Purchaser's interest as viewed in equity, see 27 R. C. L. 464; 3 R.
C. L. Supp. 1514; 4 R. C. L. Supp. 1759; 5 R. C. L. Supp. 1473.

(2) What articles are included in such general terms as appurtenances, fixtures
and the like, employed in chattel mortgage, see notes in 21 L.R.A. 347; 46 L.R.A.
(N.S.) 206; 5 R. C. L. 403; 5 R. C. L. Supp. 282.

(3) Provision in land contract against removal of buildings as affecting rights
of third person under chattel mortgage or conditional sale, see note in 30 A.L.R.
542; 5 R. C. L. 403; 5 R. C. L. Supp. 282.

From a judgment of the District Court of Stutsman County, *Jansonius*, J., defendant John B. Fried appeals.

Affirmed.

*C. S. Buck*, for appellant.

*John A. Jorgenson*, for respondent.

CHRISTIANSON, J. This is an action to foreclose a chattel mortgage upon two certain frame buildings situated in section 36, township 139, range 65, Stutsman county, in this state. The mortgage was executed and delivered to the plaintiff by the defendants, Wm. Bunde and Robert J. Bunde, on May 11th, 1921, to secure the payment of a certain promissory note in the sum of $244.25, executed by the said defendants Wm. Bunde and Robert J. Bunde and payable to the plaintiff on October 1st, 1921. The controlling question in the case is whether said chattel mortgage ever attached to and became a lien upon such buildings or either of them. The facts, so far as material to that question, are as follows:

Prior to February 1919, the defendant John B. Fried had purchased said section 36, township 139, range 65, in Stutsman county, North Dakota from the board of university and school lands of the state of North Dakota, and was the then owner and holder of a contract of purchase for said tract of land. On February 11th, 1919, said defendant John B. Fried entered into a contract with the defendants Wm. Bunde and Robert J. Bunde, wherein and by the terms of which they agreed to purchase the premises from the said John B. Fried, and to pay him therefor the sum of $25,600, on or before October 15th, 1929, with interest at the rate of 7 per cent per annum; and the said John B. Fried agreed to sell and convey the premises to the said Wm. Bunde and Robert J. Bunde upon the payment of said sum. The purchase was made upon the so-called crop-payment plan. That is, the purchasers agreed to cultivate and put a certain portion of the land purchased into crop each year and to deliver to the said John B. Fried one half of all crops so raised to be applied in payment of the amount due on the purchase price so agreed upon. The contract contained the following provision:

"The party of the second part (Wm. Bunde and Robert J. Bunde) further agree that . . . the buildings and improvements now on

said land or that hereafter shall be erected and placed thereon, shall not be removed therefrom, but shall be and remain the absolute property of the party of the first part until this contract shall be fully performed by the party of the second part."

The defendants, Wm. Bunde and Robert J. Bunde, entered into possession of the premises under the contract of purchase in September 1919, and continued to occupy the same until some time in the fall of 1921.  Between February 1919 and the fall of 1921 various payments, in money and grain, were made on the contract by said Wm. Bunde and Robert J. Bunde.  During the same time certain advances were made to them by the defendant John B. Fried, but no evidence was adduced tending to show when such advances were made.

In the fall of 1920 said Wm. Bunde and Robert J. Bunde purchased from the plaintiff certain lumber and building material for use in constructing the two certain frame buildings involved in this controversy.  At the time of the sale and delivery of said lumber and building material it was agreed between the plaintiff and said Wm. Bunde and Robert J. Bunde that the buildings to be constructed therefrom should be treated as personal property and that as soon as such buildings were erected said Wm. Bunde and Robert J. Bunde would execute and deliver to said plaintiff a chattel mortgage upon such buildings to secure the purchase price of said lumber and building material.  Between the time of the purchase of said building material and May 11th, 1921, said Wm. Bunde and Robert J. Bunde, erected one of the frame buildings, used as a granary, solely out of the building material furnished by the plaintiff, and repaired the other building, used as a garage, partly out of material purchased from the plaintiff and partly out of lumber procured from former buildings on the premises.  The building used as a granary is described in the chattel mortgage and in the findings of fact as follows:  One granary 16 x 32, 8 ft posts.  This building rested on certain stones placed thereunder for support and has remained in that condition since its construction.  The realty will not be materially injured by the removal of such building.

The trial court found the facts to be as above stated, and further found as a conclusion of law, that the plaintiff had a chattel mortgage upon the building used as a granary and that the plaintiff was entitled

to have such mortgage foreclosed and the building sold and the proceeds of sale applied in the manner provided in the decree. The chattel mortgage was not adjudged a lien upon the building used as a garage. Judgment was entered in accordance with the findings and conclusions of the trial court and the defendant John B. Fried has appealed from the judgment.

No statement of case has been settled and the sole question presented is whether the conclusions of law drawn by the trial court and the judgment ordered are warranted by the findings of fact. The appellant Fried contends, that under the facts as found by the trial court, the building used as a granary and constructed by Wm. Bunde and Robert J. Bunde, from the material purchased from the plaintiff became a part of the realty; and, hence, that the chattel mortgage given thereon never attached to or became a lien on such building.

In our opinion the judgment appealed from is correct and must be affirmed. There was no finding that the appellant, Fried, entered into the contract, or that he made any advances or granted any extension or other indulgence to his vendees in the belief that the buildings either would be or had been constructed upon the land. In other words, there is no basis for any contention that the appellant, Fried, has parted with anything on the faith of such buildings. In equity, Wm. Bunde and Robert J. Bunde, were the owners of the land at the time the building material was purchased, the building constructed, and the chattel mortgage executed and delivered, and the vendor, John B. Fried, held the legal title in trust for said Wm. Bunde and Robert J. Bunde and as security for the payment of the purchase price. Nearing v. Coop, 6 N. D. 345, 70 N. W. 1044; Wadge v. Kettleson, 12 N. D. 452, 97 N. W. 856; Salzer Lumber Co. v. Claflin, 16 N. D. 601, 113 N. W. 1036. And we see no logical reason why the same rule should not be applied in construing the provisions of the contract between Wm. Bunde and Robert J. Bunde and John B. Fried, relating to buildings thereafter placed upon the premises, as that applied in construing after acquired property clauses in a real estate mortgage. Davis v. Bliss, 187 N. Y. 77, 10 L.R.A.(N.S.) 458, 79 N. E. 851; 11 R. C. L. p. 1067.

And while there is a conflict in the authorities as to the right of a prior mortgagee of realty to claim property subsequently annexed

thereto, as against the person who sold such annexed property to the owner of the realty under an agreement that such property should be deemed personalty, we believe that, where, as in this state, a mortgage is a mere security and neither conveys title nor gives any right to the possession of the premises (Comp. Laws 1913, §§ 6725, 6726), the weight of authority and also the better reason support the equitable rule that the seller of the personal property so annexed to realty may generally enforce his claim upon such annexed property in accordance with the agreement under which it was sold, as against the prior mortgagee of the realty. Merchants Nat. Bank v. Stanton, 55 Minn. 211, 43 Am. St. Rep. 491, 56 N. W. 821; note in 37 L.R.A.(N.S.) p. 120 et seq.; 11 R. C. L. pp. 1065, 1066; note in 1 B. R. C. 678 et seq.

In discussing the rule and the reason therefor, Jones (Jones, Chat. Mortg. 5th ed. § 133a) says:

"One already holding a mortgage of the realty has no equitable claim to chattels subsequently annexed to it. He has parted with nothing on the faith of such chattels. Therefore the title of a conditional vendor of such chattels, or of a mortgagee of them before or at the time they were attached to the realty, is just as good against the mortgagee of the realty as it is against the mortgagor. For this reason, even a waterwheel and necessary shafting and gearing put into a sawmill, under an agreement which amounted to a conditional sale, retain their identity and character as chattels as against a mortgagee whose mortgage rested on the mill when these things were attached. This distinction is fully illustrated in a recent important decision in New Jersey, where a vendor of an engine boiler and machinery, knowing that they were to be annexed to the purchaser's realty, took a chattel mortgage from him for a part of the price, but failed to register it. The purchaser afterwards annexed these chattels to the real estate upon which he had already given a mortgage. It was held that the lien of the chattel mortgage should be protected so far as it could be without diminishing the security which the mortgagee of the real estate would have had if the annexation had not been made. The court say that the mortgagee of chattels, who consents to have them transmuted into a shape by which subsequent purchasers and mortgagees are liable to be subjected to deceptive dealings, seems to have no equitable ground

upon which his lien should be recognized as against bona fide subsequent purchasers and mortgagees for value. 'The entire spirit of our registry acts is opposed to the notion that, in such a juncture of affairs, the real estate purchaser would not be regarded as a bona fide purchaser against whom the chattel mortgage would be void.' But as to a mortgagee of the real estate whose lien exists at the time the chattels are attached to the realty, such chattels would become subject to the lien of the real estate mortgage unless the chattel mortgage intervenes. Any property belonging to the mortgagor which he might choose to annex to the mortgaged premises would become realty. 'But it is difficult to perceive' continue the court any equitable ground upon which the property of another which the mortgagor annexes to the mortgaged premises should inure to the benefit of a prior mortgage of the realty. The real estate mortgagee had no assurance, at the time he took his mortgage, that there would be any accession to the mortgaged property. He may have believed that there would be such an accession; but he obtained no rights, by the terms of his mortgage, to a lien upon anything but the property as it was conditioned at the time of its execution. He could not compel the mortgagor to add anything to it. So long, therefore, as he is secured the full amount of the indemnity which he had taken, he has no ground for complaint. There is, therefore, no inequity towards the prior real estate mortgage, and there is equity towards the mortgagee of the chattels, in protecting the lien of the latter to the full extent, so far as it will not diminish the security of the former. As already remarked, the real estate mortgagee is entitled to any annexation made by his mortgagor of his own property, but is not entitled to the property of others. The property of the mortgagor in these chattels, when he made the annexation, was an equity of redemption. So far as this interest had a value, it became subjected to the lien of a prior real estate mortgage, but the value of his interest was the value of the property subjected to the lien."

The fact that the contract involved in this case contained the provision that all buildings thereafter constructed on the premises should not be removed therefrom, but should remain the absolute property of the vendor until the contract should have been fully performed by the vendees, did not give the vendor a superior claim to the building annexed thereto as against the plaintiff. Such provision was effective

as against the vendees in the land purchase contract, and rendered whatever title the vendees acquired subject to the claims of the vendor; but it attached to the property only in the condition in which it came into the possession of the vendees, and did not give to the vendor a better title than they received. Davis v. Bliss, supra; notes in 37 L.R.A.(N.S.) p. 124, and 1 B. R. C. pp. 681, 682; Jones, Chat. Mortg. 5th ed. pp. 194, 195; Fosdick v. Schall, 99 U. S. 235, 250, 25 L. ed. 339, 342.

The judgment appealed from is affirmed.

BRONSON, Ch. J., and BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.