[File No. 6045.]

JOHN MARTYN, Respondent, v. W. T. HAMILTON and JOHN H. CHARLEBOIS, Appellant.

(244 N. W. 15.)

Opinion filed August 10, 1932.

*Geo. A. McGee & H. E. Dickinson,* and *J. J. Coyle,* for appellant.
*Halvorson, Johnson & Halvorson,* for respondent.

BURR, J. Defendant Hamilton was the owner of certain laundry machinery and on April 16, 1929, gave a chattel mortgage thereon to secure the payment of a promissory note of even date, due in four months. This mortgage was filed for record with the register of deeds of Ward county on April 19, 1929, and in May 1930 the plaintiff bought the note and mortgage.

On July 15, 1930 Hamilton leased from the defendant Charlebois for the period of five years, certain real property situated in Ward county, "to be occupied and used . . . as a laundry and for all general laundry purposes." On taking possession of the leased prem-

ises defendant Hamilton installed the machinery therein; but in 1931 he was evicted for failure to pay rent.

Thereafter, in August 1931, plaintiff commenced this action to foreclose his chattel mortgage. A warrant of seizure was issued, but appellant re-bonded and retained possession of the property.

Defendant Charlebois was interpleaded. In his answer he alleges that the property described in the mortgage is his because it became permanently attached to his real property. This is the defense stressed in his brief in this court.

The court found in favor of the plaintiff and defendant Charlebois appeals.

There are seven specifications of error; but the issues, as defined by the appellant, are: first, "that the property cannot be removed without material injury to the premises," and second; that Hamilton "failed to remove the property during the continuance of his term if the same is removable" and that plaintiff stands in no better position.

There is no merit in the contention that the machinery could not be removed "without material injury to the premises." There is no claim but what the tenant was entitled to remove it before the expiration of his lease. Some injury to the premises would result, but there would be no more material injury to the building to remove it at the time the plaintiff did than there would be for the tenant to do so before the expiration of his lease. All he needed to do was to detach some rods, unscrew some bolts, and remove from the walls and floor plates and other accessories used to stabilize the machinery.

Appellant's main contention is that by leaving the premises without taking the machinery the defendant Hamilton abandoned the machinery and thus it became a part of the real estate, and that his rights are superior to that of the mortgagee.

The mortgage in this case was given before Hamilton became the tenant of Charlebois, and was filed so as to give the constructive notice in cases provided by law. Unless, therefore, the filing of the mortgage was no notice to the landlord, the landlord had no greater interest in the property than the mortgagor had.

The machinery, by nature, was personal property; but became attached to the real estate and therefore became fixtures. But the property involved is not such property as becomes an integral part of the

real property like lumber which is used to repair a building. It involves merely fixtures which are attached to and detached from a building as use may require. In this case there is nothing to indicate a design to make this machinery a permanent adjunct to the building. The machinery was merely incidental to the business that was to be carried on at the time. Though the advantageous use of the machinery required it to be fastened by nails or bolts, and thus partake of the character of a fixture, yet it is clear that as between the landlord and the tenant the property was considered the personal property of the tenant. See McConnell v. Blood, 123 Mass. 47, 25 Am. Rep. 12, and Keeler v. Keeler, 31 N. J. Eq. 181.

It is not claimed by the landlord that the tenant could not have removed the machinery prior to the expiration of the lease, or that the mere attaching of the machinery to the real property gave the landlord any interest in it. As said in Manwaring v. Jenison, 61 Mich. 117, 27 N. W. 899, the character of machinery annexed to a building is determined largely by the intent of the parties and the knowledge which the party possesses. We recognized this principle in Thompson Yards v. Bunde, 50 N. D. 408, 196 N. W. 312, 30 A.L.R. 538.

As between the mortgagee and the landlord the right to such fixtures is determined as of the date the fixtures are attached. That the attachment of machinery to land does not divest the lien of a prior mortgage on the machinery is shown in Miller v. Griffin, 102 Ala. 610, 15 So. 238. See also Sword v. Low, 122 Ill. 487, 13 N. E. 826; Edwards & B. Lumber Co. v. Rank, 57 Neb. 323, 73 Am. St. Rep. 514, 77 N. W. 765; Tibbetts v. Moore, 23 Cal. 208, 218, 9 Mor. Min. Rep. 348; Sheldon v. Edwards, 35 N. Y. 279, 282. The rights of the landlord cannot be greater than those of a mortgagee of the land, and as against such mortgagee the rights of a chattel mortgagee are superior when the chattel mortgage is prior and due notice given. See Tifft v. Horton, 53 N. Y. 377, 13 Am. Rep. 537.

In a note found in 13 A.L.R. 457, it is shown "that, as a general rule, the rights of a seller of fixtures will prevail as against the lien of the vendor of realty to which they have been annexed," and the status of a seller of fixtures with a notice of reservation of title duly given, is analogous to that of the holder of a chattel mortgage that has been duly filed.

This rule applies even where there is a prior mortgage on the real property at the time of attachment, especially where the value of the security is not thereby diminished or impaired. Cox v. New Bern Lighting & Fuel Co. 151 N. C. 62, 65 S. E. 648, 134 Am. St. Rep. 966, 18 Ann. Cas. 936.

Even if it were claimed that the chattel mortgagee knew the property would be attached to a building, this does not affect his interest. Cox v. New Bern Light Co. supra. As said in Tibbetts v. Moore, 23 Cal. 208, 9 Mor. Min. Rep. 348, supra, the filing of the chattel mortgage, required by statute to protect the interest of the mortgagee, and the object and intention of the statute, "would be defeated and divested or subordinated to another mortgage upon becoming a fixture" if attachment to the real property so changed the nature of the property as to make it real estate.

The filing of the chattel mortgage was sufficient notice to the landlord, because of the character of the fixtures. See Ford v. Cobb, 20 N. Y. 344. This appears to be the prevailing rule, as shown by note in 15 L.R.A. 61, 62 and though the contrary holding is shown in Brinkley v. Forkner, 117 Ind. 176, 19 N. E. 753, 3 L.R.A. 33, yet the difference is based upon estoppel. "A chattel mortgage, given in good faith upon a trade fixture by the owner, preserves its status as personalty unless the rights of innocent third persons will be prejudiced." Frost v. Schinkel, 121 Neb. 784, 238 N. W. 659, 661, 77 A.L.R. 1381.

As shown in Edwards & B. Lumber Co. v. Rank, 57 Neb. 323, 73 Am. St. Rep. 514, 77 N. W. 766, supra,- the vendor and purchasers treated the engine as personalty and no innocent third party's rights would be prejudiced by holding this property to be personal property as between these persons. So there is no injury here.

The intention of the parties is the controlling consideration and in the case at bar the premises were leased expressly for the purpose of operating a laundry. The defendant knew machinery had to be installed before a laundry could be operated and in his lease agreed to install "a two-inch water main of the Minot City Waterworks and a six inch sewer." Certainly this was for the purpose of facilitating the operation of the laundry.

No innocent party is injured. The appellant knew Hamilton had the right of removing the fixtures prior to the expiration of his ten-

ancy. He is not in the position of an innocent purchaser of the real property after the tenancy, had ceased, as in the case of Klocke v. Troske, 57 N. D. 404, 222 N. W. 262. The appellant relies upon this case but it certainly is not in point. It is expressly stated therein that the rights or interests of a third party who may have been interested in the fixtures were not in issue. We assumed no such rights existed and therefore we did not need to consider the effect of a chattel mortgage upon or a reservation of title to, the fixtures in favor of the seller.

It is the claim of the appellant however, that the tenancy was ended, the tenant did not remove the fixtures prior to the expiration of the tenancy, and therefore the fixtures belonged to the owner of the land; that the chattel mortgagee stands in no better position toward the landlord than the tenant did; therefore to maintain his right to remove the machinery, he must exercise it before the expiration of the tenancy, citing Free v. Stuart, 39 Neb. 220, 57 N. W. 991; and Smith v. Park, 31 Minn. 70, 16 N. W. 490. The rule for which he contends is stated in similar language in Bronson on Fixtures, 239, and the cases relied upon are cited therein as authority for the ruling. This is stated to be the rule when the mortgagee is a mortgagee of a tenant. Hamilton was not a tenant when he gave the mortgage. It is not a case of a tenant having attached his machinery to a building and thereafter giving a chattel mortgage. In the cases cited as authority the tenant gave his chattel mortgage on the machinery after it was attached. A mortgage taken with knowledge of the landlord's rights and that the machinery involved is a fixture is entirely different from a case where the landlord permitted mortgaged machinery to be affixed to his building. In the case cited the mortgagee's interest could not be greater than the tenant's. In the case at bar the rights of the landlord are limited by his knowledge of the tenant's interest in the machinery. It may well be that as between the tenant and the landlord, if a tenant abandons his fixtures and his tenancy, they remain a part of the real estate; but the tenant by abandonment could only abandon whatever interest he had therein. His abandonment could not affect the interest of the chattel mortgagee. However it is a serious question whether Hamilton abandoned the fixtures in the proper sense of that term. His tenancy did not expire by limitation. He was evicted, and as pointed out in

Shepard v. Alden, 161 Minn. 135, 201 N. W. 537, 202 N. W. 71, 39 A.L.R. 1094, he did not leave voluntarily. "Abandonment is made up of two elements; act and intention. There must be an actual relinquishment of the property, accompanied by an intent to part with it permanently, so that it may be appropriated by any one finding it or having it in his possession."

The notice of the filing of the chattel mortgage was notice to the landlord. He consented to this mortgaged machinery being placed in his building. In that case he is not in position to contest the rights of the mortgagee under the mortgage. See Bartholomew v. Hamilton, 105 Mass. 239.

The judgment of the lower court is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.