OMAHA LOAN & BUILDING ASSOCIATION, APPELLEE, v. HARRIET L. BIGELOW ET AL., APPELLEES: METROPOLITAN UTILITIES DISTRICT, APPELLANT.

274 N. W. 574

FILED JULY 22, 1937. No. 30005.

*Dana B. Van Dusen,* for appellant.

*Penelope H. Anderson, R. B. Hasselquist* and *Anson H. Bigelow, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and LIGHTNER, District Judge.

LIGHTNER, District Judge.

This is a contest between a prior mortgagee and a conditional sales vendor, and the single question presented is the right of the conditional sales vendor to remove a gas furnace which it placed in the property subsequent to the date of the mortgage. The district court held that the rights of the mortgagee were superior and gave the vendor of the furnace a money judgment only.

The real estate mortgage was executed in March, 1929. Two and one-half years later, in October, 1931, the Metropolitan Utilities District sold to the mortgagor, and installed in the premises, a gas furnace, pursuant to the usual written form of conditional sale, reserving title in seller until completion of payments. No payments whatever were made on the conditional sales contract. The furnace was neither bolted nor otherwise secured to the realty and could be removed without injury thereto.

When the mortgage was given the property was equipped with a hot air furnace which was removed by appellant at the time of the installation of the gas furnace in question, more than two years after the execution and recording of the real estate mortgage.

"The preponderance of authority is to the effect that, where the removal of the fixture will not materially injure the premises, a seller thereof retaining title thereto may assert his right as against a prior mortgagee of the realty." Note, 13 A. L. R. 461.

The subject is further annotated in 73 A. L. R. 755, and 88 A. L. R. 1324. It appears from these annotations that

the overwhelming weight of authority sustains the rule above stated. The opposite rule known as the Massachusetts rule is referred to in 13 A. L. R. 471; 73 A. L. R. 763; 88 A. L. R. 1335. Our own court has adopted the majority rule. The latest expression is in *Swift Lumber & Fuel Co.* v. *Elwanger*, 127 Neb. 740, 256 N. W. 875, wherein our court holds:

"Articles, such as boiler, burner, tank and Frigidaire equipment, which may or may not become attached to the freehold, according to the circumstances, will retain their character of personalty where sold under contract in which title is retained in vendor until purchase price is paid, when the rights of innocent third persons are not adversely affected thereby.

"Where the removal of a boiler, burner and tank will not materially injure the premises, the right thereto of the vendor who retained title under conditional sale contract, *held* superior to that, of prior real estate vendor of said premises under executory contract of sale who has not made any advances or lost any rights by reason of the annexation of such articles."

Just prior to the holding in the *Elwanger* case, our court held in *Frost v. Schinkel,* 121 Neb. 784, 238 N. W. 659, 77 A. L. R. 1381: "Where the removal of chattels will not materially injure the premises, the vendor who retains title may assert his right against a prior real estate mortgage." See, also, *Arlington Mill & Elevator Co. v. Yates,* 57 Neb. 286, 77 N. W. 677, and *Edwards & Bradford Lumber Co. v. Rank,* 57 Neb. 323, 77 N. W. 765, which hold to the same effect.

"The reason is that, as the mortgage is merely security, the mortgagee has advanced nothing in reliance on the value of the subsequently annexed chattels and he should not be permitted to acquire them as a part of his security, contrary to the intention of the party making the annexation and to the injury of the seller." *Holland Furnace Co. v. Bird,* 45 Wyo. 471, 21 Pac. (2d) 825. See, also, *Swift Lumber & Fuel Co. v. Elwanger*, 127 Neb. 740, 256 N. W. 875.

Appellees rely upon the Massachusetts rule, but such has never been the law of Nebraska.

Our court, however, has not passed upon the effect of the fact that the new gas furnace replaced the old coal furnace. In the note from 13 A. L. R., above referred to, it is said at page 468: "There is a difference of opinion as to the effect upon the rights of the parties of the circumstance that the machinery to which the seller reserves title takes the place of old machinery removed from the premises."

The weight of authority referred to in the note indicates that, regardless of such fact the conditional sales vendor may enforce his contract. Cases cited are *Page v. Edwards*, 64 Vt. 124, 23 Atl. 917; *Raymond Co. v. Ball*, 210 Fed. 217; *Wolf Co. v. Hermann Savings Bank*, 168 Mo. App. 549, 153 S. W. 1094; *Davis v. Bliss*, 187 N. Y. 77, 79 N. E. 851, 10 L. R. A. n. s. 458; *Hill v. Sewald*, 53 Pa. St. 271, 91 Am. Dec. 209.

In *Davis v. Bliss, supra,* it is held: "That a conditional vendee of real estate, in installing machinery thereon, removed from the premises old machinery which he sold and the proceeds of which he appropriated to his own use, does not, in the absence of anything to show that the vendor assented to its removal in reliance upon its being replaced by new machinery, entitle him to the latter as against the claim of the vendor, who reserved the title until the price was paid." 10 L. R. A. n. s. 458.

This New York case of *Davis v. Bliss, supra,* was cited with approval by our court in *Swift Lumber & Fuel Co. v. Elwanger, supra,* where, at page 747, it is said, referring to *Davis v. Bliss*: "The court also say that stress is laid upon the fact that, when the purchaser installed the engine, the old engine was removed and appropriated to his use, and then state that, if the vendor of the real estate has been wronged thereby, she has a right of action against the wrong-doer."

Appellees contend that the removal of the furnace from the building will materially injure the premises because it will not be as useful or as tenantable without it. The su-

preme court of Michigan dispose of this contention in *Woodliff v. Citizens Bldg. & Realty Co.*, 240 Mich. 413, 215 N. W. 343, as follows: "In this connection we note the argument of the defendants' counsel that, though the elevator could be removed without serious injury to the building, its removal would prevent the use and operation of the building as a 7-story apartment house, and for that reason could not be removed without material injury to the apartment. The fact that the elevator was essential to the use of the apartment house would not give the defendants any right to appropriate it. *Detroit Steel Cooperage Co. v. Sisterville Brewing Co.*, 233 U. S. 712."

The facts in regard to the removal of the old furnace and putting in of the new furnace are not stated very fully in the instant case. Appellant alleged in its answer that the gas furnace was installed pursuant to a conditional sales contract with Mr. Bigelow upon which nothing had been paid. The conditional sales contract does not refer to the old furnace. The stipulation of facts which constitutes the only evidence in the case in regard to the old furnace is as follows: "That at the time of the execution and delivery of the mortgage set out in plaintiff's petition, the real estate involved was improved by a modern residence in which a coal furnace had been installed; that at the time of the installation of the gas furnace referred to in the pleadings, the coal furnace was removed from the premises and replaced by said gas furnace, all without notice of any kind to the plaintiff, and without the consent of the plaintiff."

It will thus be seen that the condition of the coal furnace is not shown, nor its value, nor its adequacy as a heating plant for the residence in question at the time it was removed therefrom.

The proper course would probably be to permit the vendor to repossess the gas furnace in accordance with its contract, but adjusting the rights of the parties on account of the removal of the old furnace in accordance with equitable principles. However, in this case the facts mak-

ing such course possible were neither pleaded nor proved.

Reversed and remanded, with directions to the district court to grant appellant appropriate relief consistent with the views herein expressed.

REVERSED.